Appeal from an order of the New York County Surrogate’s Court, entered March 25, 1950, striking out the answer of executrix and directing said executrix to comply with the terms of a settlement agreement.

Per Curiam.

Respondents apparently concede that there was no authority for summary judgment in a proceeding of the present nature, but contend that it may be deemed that the Surrogate treated the motion as an application to summarily direct the executrix to comply with the terms of the compromise agreement. Assuming that the Surrogate had the power to make such a summary direction, it does not follow that he would have done so if the proper application had been made. He might have ordered the taking of proof in view of the claim made by the executrix that the consent to compromise on her part had been obtained by false representations.
The Surrogate’s decision apparently rested largely on the construction which he placed on the memorandum agreement of August 17, 1939. We do not construe that agreement as conclusive on the issue as to whether the deceased had any interest in the Yugoslavian properties. The document provided that upon the death of any of the brothers the testator’s co-ownership in the Yugoslavian properties would be extinguished. Whatever might have been the right of testator’s estate if he had died while the properties were in the hands of the co-owners, such right may have been altered by the nature and effect of the nationalization decree of the Yugoslavian Government appropriating the properties before the testator died. In addition, it may be that income accrued prior to .decedent’s death.
The order appealed from should be reversed and the motion denied, without prejudice to proper proceedings with respect to the compromise agreement.
Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the. appellant, and the motion denied, without prejudice to proper proceedings with respect to the compromise agreement.